IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

06 - 430

REGINALD HARRIS,
Petitioner,

v.

THOMAS CARROLL,
Respondent,

No.# ________ 2006
C.A.No.# 0402010364A
Appeal No.# 557, 2004

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 JUL 13 AM 11:43

MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS, PURSUANT TO 28 U.S.C. 2254 BY A PERSON IN STATE CUSTODY.

To: Clerk, United States District Court of Delaware
844 North King Street, Lockbox-18
Wilmington, DE 19801

Mr. Reginald Harris, ProSe
Delaware Correctional Center
1181 Paddock Road-22, B-U-5
Smyrna, DE 19977

Dated: July 06, 2006

# TABLE OF CONTENTS

| | page |
|---|---|
| Statement of Facts............ | 1 thru 3 |
| Legal Standant................ | 4 and 5 |
| Complaint.................... | 6 thru 10 |
| Conclusion................... | 11 |

STATEMENT OF FACTS

It is alleged by the state's attorney that; "On the evening of February 17, 2004, Wilmington police were dispatched to a residence at, 19 East 23rd Street to investigate a shooting". At the Suppression Hearing, Corporal Michael Gifford testified that; "He arrived at the residence shortly after 8:00 pm". By this time, many other officers were already present and the police vehicles blocked the street. As Gifford walked toward the residence of 19 East 23rd; He passed a red-suzuki; which was blocked in by the many police vehicles at the "scene". In the suzuki; was a lone occupant, who has been identified as the defendant, Reginald Harris. As Corporal Gifford walked by Harris, He told Harris that; "He would try to get him

un-blocked as soon as possible". Inside 19 East 23rd, there was evidence of a shooting. e.g.- bullet holes in the walls and spent-cartridges; also live rounds on the floor.

The numerous occupants of the Residence had been detained while the officers investigated. There is no evidence that anyone had been injured. While the officers were conducting their investigation inside the residence, they received a dispatch-transmission from central-headquarters; A anonymous-female tipster had called 911 and stated that; "She lived in the block and that the man (whom she called Ricky) seated in the red suzuki, was involved in the shooting". Acting on this tip, the officers approached Harris and asked him to step out of the vehicle. Harris did so. The officers then asked Harris; "if he was carrying anything on his person

that might cause harm". Harris replied that; "he had a gun in his jacket-pocket." The officers retrieved the gun and arrested Harris for carrying a concealed deadly weapon.

A subsequent search of the defendant's person and the suzuki vehicle, uncovered the drugs that formed the basis of the remaining offenses with which the defendant is charged.

## LEGAL STANDARD

Restriction on federal habeas review of Fourth Amendment claims announced in Stone v. Powell does not extend to Sixth Amendment ineffective assistance of counsel claims which are founded primarily on incompetent representation with respect to a Fourth Amendment issue; federal courts may grant habeas relief in appropriate cases regardless of nature of underlying attorney error.

Moreover, there is no merit to the contention that a defendant should not be allowed to vindicate through federal habeas review his right to effective assistance of counsel where counsel's primary error is failure to make a timely request for exclusion of illegally seized evidence that is often the most probative information bearing on the defen-

COMPLAINT

The petitioner, Reginald Harris, states that; In the present case, the Wilmington Police officers were the Sole fact-witnesses for the state. On Direct Appeal, defense counsel submitted "two arguments" to the Supreme Court of Delaware. Those arguments have been exhausted by the "Order" of the Supreme Court, dated: August 15, 2005.

Defense Counsel Argued:

I. Superior Court improperly denied defendant's motion to suppress evidence. That officers did not have a reasonable and articulable suspicion to warrant such a search under the Fourth Amendment of the United States Constitution and Article-1, section-6 of the Delaware Constitution. The crux of the argument is that; "Since no evidence was ever found to link Harris in anyway, to the initial "shooting-incident" at 19 East 23rd Street; then the information provided by the anonymous caller did not warrant the search and seizure that took place.

II. Superior Court improperly denied defendant's motion for a mistrial following a police officer's improper reference to defendant's suppression hearing in the presence of the jury. Specifically, the officer stated; "I didn't have to testify at the suppression hearing". This was in response to a question about, "whether and when he had reviewed police reports related to this case." That his reference to the suppression hearing, permitted the jury to improperly speculate as to evidence possibly suppressed.

The petitioner, Reginald Harris, states that; "these are the two exhausted claims currently before the court, to preserve the filing of his Writ of Habeas Corpus."

However, a third claim of, "Ineffective Assistance of Counsel at Trial and Direct Appeal", is unexhausted. It is imperative that the District Court allow the petitioner to register the full-contribution of this third claim to the picture being presented to Habeas Corpus Courts. So that the consumation will furnish the proper perspective to aide the

at Trial and Direct Appeal."

The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.

In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a crime has been, or is being committed. (See: United States v. Watson, 423 U.S. 411, 417-424 (1976); Also, Brinegar v. United States, 338 U.S. 160, 175-176 (1949))

However, whether probable cause exists depends upon, the reasonable conclusion to be drawn from the facts Known to the arresting officer at the time of the arrest. (See: Maryland v. Pringle, 540 U.S. 366, 371 (2003)) In this case, the Court of Appeals held that; "the probable cause inquiry is further confined to the Known facts bearing upon the offense actually invoKed at the time of arrest; and that (in addition) the offense supported by these Known facts must be "closely related" to the offense that the officer invoKed." (See: Sheehy v. Plymouth, 191 F.3d 15, 20 (CA) (1999)); (holding that an arrest cannot be justified by an offense given at booKing when the offense asserted by the officer at the time of arrest was not "closely related".)

The petitioner asserts that the Search and Seizure

in the present case is invalid in the final analysis. Also, given the Post-trial developments concerning the deficient or "Ineffective Assistance of Counsel," necessarily raises the distinct possibility that, given a sufficently established premise by defense counsel through "proper investigation" and adequate discovery; would have furnished the defendant with the capability of bringing adequate and meaningful challenges to the Trial Court and Direct Appeal. Those challenges would have altered the legal-standard to be considered in relation to the "Illegal Search and Seizure" under the Fourth Amendment.

CONCLUSION

In Good Faith, the petitioner, Reginald Harris, has filed both a timely petition and memorandum in support of preserving His right to pursue a Federal Writ of Habeas Corpus pursuant to, 28 U.S.C. 2254. And He has set-forth, in the lower-Court, a sufficient factual and legal basis for the lower-Court to consider and grant relief on the Rule-61, "Motion for Post-conviction relief."

Reginald Harris

Dated: July 06, 2006