IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

REGINALD HARRIS,
            Petitioner,

        v.

THOMAS CARROLL,
            Respondent,

No.# _____, 2006
C.A.# 0402010364A
Appeal No.# 557, 2004

06 - 430

FILED 2006 JUL 13 AM 11:43
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

"APPENDIX TO PETITIONER'S WRIT OF HABEAS
CORPUS"

Reginald Harris, Pro Se
Delaware Correctional Cntr.
1181 Paddock Road
Smyrna, DE 19977

Dated: July 06, 2006

# TABLE OF CONTENTS

## "EXHIBITS"

page #

Exhibit – A
August 15, 2005 Supreme Court "Order"....... 1 thru 6

Exhausted Claims:

Exhibit – B                                    7 thru 9
Argument – #1 :
     Superior Court improperly denied defen-
dant's motion to suppress evidence..........

Exhibit – C                                    10 thru 12
Argument – #2 :
     Superior Court improperly denied defendant's
motion for a mistrial following a police officer's
improper reference to defendant's suppression
hearing in the presense of the jury..........

Exhibit – D
     Copy of Post-conviction motion and
     accompanying Memorandum and motions..... Ex: – D

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| REGINALD HARRIS, | § | |
| | § | No. 557, 2004 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware, in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | No. 0402010364A |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 7, 2005
Decided: August 15, 2005

Before **STEELE,** Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

### ORDER

This 15th day of August 2005, upon consideration of the briefs of the parties and the record below, it appears to the Court that:

(1)    The defendant-appellant, Reginald Harris, appeals from his convictions on various drug and weapons offenses following a jury trial in the Superior Court. Harris takes issue with two rulings made by the Superior Court that denied his motion to suppress and motion for a mistrial. We conclude that the Superior Court did not commit legal error or abuse its discretion in either of its rulings. Accordingly, we affirm.



Exhibit (A) 1 thru 6

(2) Harris' arrest and subsequent convictions stem from the police finding a firearm, drugs and drug paraphernalia on his person after being dispatched to investigate a shooting. Officers of the Wilmington Police Department were called to a residence located in Wilmington, Delaware in response to gunshots being fired. When the officers arrived, Harris was sitting behind the wheel of a red Suzuki Sidekick and was blocked in the middle of the street as a result of the arrival of several marked police vehicles. While investigating the shooting inside the residence, officers on the scene received word from police headquarters that an anonymous caller had advised that the person in the red Suzuki was involved in the shooting and involved in drugs.

(3) The officers subsequently approached Harris and asked him to exit the vehicle. Harris complied. The officers next placed Harris against the rear of his vehicle and ordered him to place his hands on his head. Harris again complied. The officers then asked Harris if he was carrying any dangerous weapons. Harris indicated that he had a firearm in his jacket pocket. The officers retrieved the firearm and arrested Harris for carrying a concealed deadly weapon. The officers further searched Harris' person, finding marijuana, cocaine, $1,416.00 in cash and a digital scale. Throughout the entire search process, Harris provided complete cooperation.

2

Ex. A-2

(4)   Harris' first argument on appeal is that the Superior Court improperly denied his motion to suppress the evidence gathered during the search conducted outside the residence.  He argues that the officers did not have a reasonable and articulable suspicion to warrant such a search under the Fourth Amendment of the United States Constitution and Article 1, Section 6 of the Delaware Constitution.  The crux of his argument is that because no evidence was ever found to link him in any way to the shooting that initially brought the police to the residence, the information provided by the anonymous caller did not warrant the search and seizure that took place.

(5)   Although Harris' argument raises a constitutional issue, we are deferential to the Superior Court's findings of fact.[1]  We, therefore, review the Superior Court's denial of a motion to suppress for abuse of discretion.[2]  "If the historical facts are properly established, 'the issue is whether an undisputed rule of law is or is not violated.'"[3]  To the extent Harris' appeal from the denial of his motion to suppress implicates his constitutionally protected right to be free from unreasonable searches and seizures, our review is *de novo*.[4]

---

[1] *Garvey v. State*, 873 A.2d 291, 298 (Del. 2005) (citing *Lopez v. State*, 861 A.2d 1245, 1248 (Del. 2004); *Woody v. State*, 765 A.2d 1257, 1261 (Del. 2001)).

[2] *Id.* (citing *Purnell v. State*, 832 A.2d 714, 718 (Del. 2003); *Virdin v. State*, 780 A.2d 1024, 1030 (Del. 2001)).

[3] *Id.* (citing *Lopez*, 861 A.2d at 1249).

[4] *Id* (citing *Banther v. State*, 823 A.2d 467, 486 (Del. 2003)).

Ex. A - 3

(6)   In support of his argument Harris cites *Flonnory v. State*[5] as precedent for an anonymous tip not providing enough reasonable suspicion to detain a defendant. While *Flonnory* held that an anonymous tip providing only readily observable facts cannot serve as the sole basis for conducting a stop, it also stated that determining whether reasonable and articulable suspicion exited for such a stop must incorporate "the totality of the circumstances surrounding the situation 'viewed through the eyes of a reasonable, trained police officer in the same or similar circumstances, combining objective facts with such an officer's subjective interpretation of those facts.'"[6]

(7)  Applying that test here, the totality of the circumstances suggest the presence of the reasonable and articulable suspicion required for the police to detain Harris and to conduct a *Terry*[7] search. At the residence, the officers observed bullet holes in the walls as well as cartridges and live rounds on the floor. Because it is illegal to discharge a firearm in the City of Wilmington, it was clear that a crime had taken place. Since the anonymous caller had provided information that Harris was involved in a crime that had already been verified as having just occurred, the officers had a reasonable and articulable

---

[5] 805 A.2d 854 (Del. 2001).

[6] *Id.* at 858 (citing *Woody*, 765 A.2d at 1263).

[7] *Terry v. Ohio*, 392 U.S. 1 (1968).

4

Ex. A - 4

suspicion necessary to detain Harris outside of his car for questioning. Because the officers were already investigating the nearby shooting, they also had a basis to conduct a *Terry* search for weapons. Once Harris disclosed that he was in possession of a firearm, the officers could conduct a search of Harris' person and passenger compartments of his vehicle incident to his lawful arrest for carrying a concealed deadly weapon.[8] Therefore, the Superior Court properly denied Harris' motion to suppress.

(8) Harris' final argument is that the Superior Court improperly denied his motion for a mistrial after the suppression hearing was mentioned during the testimony of one of the investigating officers. Specifically, the officer stated that he "didn't have to testify at the suppression hearing." This response came after he was questioned about whether and when he had reviewed police reports related to this case. Harris claims that this reference to the suppression hearing permitted the jury to improperly speculate as to the evidence possibly suppressed. He maintains that such speculation, when coupled with his election not to testify at trial, unfairly prejudiced the jury against him, thereby violating his Fifth Amendment right against self-incrimination.

---

[8] *Chimel v. California*, 395 U.S. 752 (1969).

5

Ex. A - 5

(9)  We generally review the denial of a motion for a mistrial for abuse of discretion.[9]  A mistrial is only proper when a "manifest necessity" arises where the "ends of public justice would otherwise be defeated."[10]  To the extent Harris' appeal from the denial of his motion for a mistrial implicates his constitutionally protected right against self-incrimination, our review is *de novo* to determine whether an error of law has been committed.[11]

(10)  In the instant case, the officer's brief mention of the suppression hearing did not reveal what transpired at the hearing, what the hearing was about or the ultimate outcome.  The Superior Court was, therefore, correct in denying Harris' motion for a mistrial.

NOW, THEREFORE, IT IS SO ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[9] *Garvey*, 873 A.2d at 299 (citing *Flowers v. State*, 858 A.2d 328, 332 (Del. 2004); *Taylor v. State*, 827 A.2d 24, 27 (Del. 2003); *Ashley v. State*, 798 A.2d 1019, 1022 (Del. 2002)).

[10] *Fanning v. Superior Court*, 320 A.2d 343, 345 (Del. 1974) (citing *United States v. Perez*, 22 U.S. 579 (1824)).

[11] *Garvey*, 873 A.2d at 298 (citing *Banther*, 823 A.2d at 486).

6

Ex. A - 6

I.  SUPERIOR COURT IMPROPERLY DENIED DEFENDANT'S
    MOTION TO SUPPRESS EVIDENCE

<u>Standard and Scope of Review</u>

The Superior Court's denial of a pretrial motion to suppress after an evidentiary hearing is reviewed on *appeal for an* abuse of discretion.  The formulation and application of legal concepts to undsiputed facts is reviewed *de novo*.  To the extent the trial court's legal decision is based on its own factual findings, it is reviewable to determine whether there was sufficient evidence to support the findings, and to determine whether those findings were the result of a logical and orderly deductive process.  *Virdin v. State*, 780 A.2d 1024, 1030 (Del. 2001) (quoting *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990)).  *See also Caldwell v. State*, 780 A.2d 1037, 1053 (Del. 2001)l *Seward v. State*, 723 A.2d 365, 370 (Del. 1999).

<u>Argument</u>

Defendant contends that the police did not have a reasonable and articulable suspicion necessary to conduct an investigatory stop under both the Fourth Amendment of the United States Constitution and Article I, Section 6 of the Delaware Constitution.  Defendant was sitting in his motor vehicle because he had been blocked by the police vehicles who

Ex. B    .7

were involved in the investigation of the shooting incident.
No testimony was presented, even in the form of hearsay, that
defendant had been involved in the shooting even though
several officers had been inside the residence prior to
defendant's arrest. Notwithstanding the lack of any
corroboration that defendant had been involved in the
shooting, three members of the Wilmington Police Department
approached defendant as he sat in his car and removed him from
his car. Defendant contends that such actions constitute a
seizure in violation of both the Federal and our State
Constitution as set forth above.

In *Flonnory v. State*, 805 A.2d 854 (Del. 2001), this
Court held that an anonymous tip that the occupants of a car
at a particular location possessed an illegal substance and
that provided police with only a description of the car, with
no other information indicating that the informant possessed
inside knowledge of illegality, lacked indicia of reliability
and therefore did not provide the police with the reasonable
suspicion necessary to detain the defendant.[1] Likewise,
Defendant contends that the anonymous informant in the instant
case gave police only readily identifiable information and

---

[1]*See also Florida v. J.L.*, 529 U.S. 266, 120 S.Ct 1375, 146
L.Ed.2d 254 (2000) and *Jones v. State*, 745 A.2d 856 (Del. Supr.
1999) which were both specifically cited by this Court in *Flonnory*.

Ex B - 8

that the police did not have any independent police corroboration of present or predicted future activity per the Court's holding in *Flonnory*.

According, Defendant respectfully submits that the Superior Court improperly denied his Motion to Suppress at the hearing which was held on June 18, 2004.

Ex. B    9

II.  SUPERIOR COURT IMPROPERLY DENIED DEFENDANT'S
MOTION FOR A MISTRIAL FOLLOWING A POLICE
OFFICER'S IMPROPER REFERENCE TO DEFENDANT'S
SUPPRESSION HEARING IN THE PRESENCE OF THE
JURY.

### Standard and Scope of Review

The standard and scope of review is abuse of discretion.
*Ashley v. State*, 798 A.2d 1019 (Del. Supr. 2002).

### Argument

Where evidence has been suppressed, no reference to the suppression hearing is permissible because such a reference would reveal to the jury or permit the jury to speculate about the existence of inculpatory evidence withheld from the jury by a suppression order. *Commonwealth v. Rogers*, 344 A.2d 892, 895 (PA Supreme Ct. 1975). If the defendant does not testify at trial, there is, of course, no proper occasion to refer to his testimony at the suppression hearing. *Id*. Although Defendant's suppression motion was denied, Defendant chose not to testify at his jury trial. Accordingly, Defendant contends that the trial court improperly denied his request for a mistrial due to the extreme prejudice caused by Chief Investigating Officer Lenhardt's clear and specific reference to the "suppression hearing" in the presence of the jury. (T-

Ex. G 10

77).[2] U.S.C.A. Const. Amend. 5.

Defense counsel clearly directed the officer to identify either the month or date only. Notwithstanding the specific manner in which the question was directed to Officer Lenhardt, his reply "No, I didn't have to testify at the suppression hearing. I looked over it." (T-77) could only cause the jury to speculate about evidence which might have been suppressed at the request of Defendant. At a minimum, the jury was left with the clear impression that Defendant had a least *attempted* to keep information from coming to light at trial which in and of itself should have provided grounds for a mistrial.

For the above reasons, Defendant contends that he was precluded from having a fair trial due to the highly prejudicial reference to the suppression hearing by the State's Chief Investigating Officer Lenhardt.

---

[2]Defense counsel could only locate one Delaware case which addressed this issue. In an unreported Superior Court decision of an appeal from the Court of Common Pleas, *Lewis v. State*, Judge Lee affirmed the lower court's findings that there was no harm in the jury knowing that a suppression hearing had taken place. 1991 WL 269898 (Del. Super). Similarly, in *New Hampshire v. Hall*, 813 A.2d 501 (N.H. Supr. 2002), the court held that a police officer's reference to a suppression hearing did not warrant a mistrial.

Ex. C //

CONCLUSION

For the reasons and upon the authorities cited herein, the undersigned respectfully submits that the defendant's convictions must be reversed.

Respectfully submitted,

KATHRYN VAN AMERONGEN
Assistant Public Defender

June 3, 2005

Ex. C 12

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR _NEWCASTLE_ COUNTY

STATE OF DELAWARE )
v. )
_Reginald Harris_ )
Name of Movant on Indictment )
_Reginald Harris'_ )
Correct Full Name of Movant )

No. _____ ____ _____
(to be supplied by Prothonotary)

## MOTION FOR POSTCONVICTION RELIEF

To: Superior Court of NewCastle County
c/o Office of the Prothonotary
500 North King Street, Suite-500
Wilmington, DE 19801

Reginald Harris #173086
Delaware Correctional Center
1181 Paddock Road-22, B-U-5
Smyrna, DE 19977

Exhibit - D

## MOTION

1.  County in which you were convicted _New Castle_

2.  Judge who imposed sentence _Charles H. Toliver_

3.  Date sentence was imposed _12/17/04_

4.  Offense(s) for which you were sentenced and length of sentence (s):
    _Trafficking in Cocaine - 2 years mandatory,_
    _3 counts of possession of a firearm - 25 years mandatory,_
    _possession with intent to deliver - 3 years mandatory,_
    _maintaining a vehicle - 1 month, possession of a non-narcotic controlled_
    _carrying a concealed deadly weapon - 1 month mandatory, substance - 1 month_

5.  Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?    Yes ( )    No ( ✓ )
    If your answer is "yes," give the following information:
    Name and location of court(s) which imposed the other sentence(s):

    _____

    _____

    Date sentence(s) imposed:  _N/A_

    Length of sentence(s) _____

6.  What was the basis for the judgment(s) of conviction?  (Check one)
    Plea of guilty ( )
    Plea of guilty without admission of guilt ("Robinson plea") ( )
    Plea of nolo contendere ( )
    Verdict of jury ( ✓ )
    Finding of judge (non-jury trial) ( )

7.  Judge who accepted plea or presided at trial _CHARLES H. TOLIVER_

8.  Did you take the witness stand and testify?  (Check one)
    No trial ( )    Yes ( )    No ( ✓ )

9.  Did you appeal from the judgment of conviction? Yes ( ✓ )    No ( )
    If your answer is "yes," give the following information:

    Case number of appeal _557, 2004_

    Date of court's final order or opinion _August 15, 2005_

1

10.    Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ✓ ) No (  )    How many? ( 1 )
If your answer is "yes," give the following information as to each:

Nature of proceeding(s) *"Forthcoming", "Writ of Habeas Corpus"*

Grounds raised *"Illegal Search and Seizure"*

*"Ineffective Assistance of Counsel"*

_____

_____

Was there an evidentiary hearing?_____

Case number of proceeding(s) *"Forthcoming"*

Date(s) of court's final order(s) or opinion(s) _____

Did you appeal the result(s)?_____

11.    Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial *Kathryn Van Amerongen*

On appeal *Kathryn Van Amerongen*

In any postconviction proceeding *Pro Se*

12.    State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

2

Ground one: _INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON DIRECT APPEAL, INVOLVING ILLEGAL SEARCH AND SEIZURE UNDER THE FOURTH AMENDMENT_

Supporting facts (state the facts briefly without citing cases):

_SEE: SEPARATE MEMORANDUM, PAGES - 1 thru 9_

_SEE ALSO: ATTACHED MOTIONS FOR, EXPANSION OF RECORD, MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR EVIDENTIARY HEARING + AFFIDAVIT_

Ground two: _____

Supporting facts (state the facts briefly without citing cases):

_____

_____

_____

Ground three: _____
Supporting facts (state the facts briefly without citing cases):

_____

_____

_____

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: _____

_____

_____

_____

_____

        Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
        Signature of attorney (if any)

        I declare the truth of the above under penalty of perjury.

_June 28, 2006_
Date Signed

_Reginald Harris_
Signature of Movant
(Notarization not required)

## Certificate of Service

I, _Reginald Harris_, hereby certify that I have served a true and correct cop(ies) of the attached: _MOTION FOR POST CONVICTION, SEPARATE MEMORANDUM, EXPANSION OF RECORD, APPOINTMENT OF COUNSEL, EVIDENTIARY HEARING & AFFIDAVIT_ upon the following parties/person (s):

**2 copies**

TO: _New Castle County Prothonotary_
_500 North King Street_
_Suite 500, Lower Level - 1_
_Wilmington, DE 19801_

**1 copy**

TO: _Timothy J. Donovan, Jr._
_Deputy Attorney General_
_Department of Justice_
_Carvel State Office Building_
_820 North French Street_

**1 copy**

TO: _Kathryn Van Amerongen_
_Assistant Public Defender_
_Carvel State Office Building_
_820 North French Street_
_Wilmington, DE 19801_

**1 copy**

TO: _Reginald Harris - "FILE"_
_Delaware Correctional Center_
_1181 Paddock Road, - 22, B-U-5_
_Smyrna, DE 19977_

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _30ᵗʰ_ day of _JUNE_, 200_6_

_Reginald Harris_

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

REGINALD HARRIS                      No.# _____ , 2006
                                     C.A.# 0402010364A
                                     Appeal No.# 557, 2004
          V,
STATE OF DELAWARE

SEPARATE MEMORANDUM IN SUPPORT OF MOTION
FOR POST-CONVICTION RELIEF AND MOTION FOR
APPOINTMENT OF COUNSEL-61(e)-(1); MOTION FOR
EXPANSION OF RECORD-61(g)-(1,2,+3); MOTION FOR
EVIDENTIARY HEARING-61(h)-(1); AFFIDAVIT IN
SUPPORT OF MOTION.

To: Superior Court of New Castle County
C/o: Office of the Prothonotary
     500 N. King Street  Suite-500
     Wilmington, DE 19801

                              Reginald Harris #173086
                              Delaware Correctional Center
                               1181 Paddock Road,-22-B,U-5
                              Smyrna, DE 19977

Date: June 28 , 2006

Ex. - D

# TABLE OF CONTENTS

Page

Statement of Facts ........    i + ii

Legal Standard .........    iii, iv, v, + vi

Ground One
INEFFECTIVE ASSISTANCE OF
COUNSEL, AT TRIAL AND ON DIRECT
APPEAL, IN VIOLATION OF DEFENDANT'S
RIGHT TO EFFECTIVE ASSISTANCE OF
COUNSEL AS GUARANTEED BY THE
UNITED STATES CONSTITUTION AND
THE FIFTH AND FOURTEENTH AND
SIXTH AMENDMENTS ........    1 thru 6

CONCLUSION ..............    7 thru 9

* MOTION FOR EXPANSION OF RECORD

* MOTION FOR APPOINTMENT OF COUNSEL

* MOTION FOR EVIDENTIARY HEARING
  AND AFFIDAVIT

## STATEMENT OF FACTS

The defendant, Reginald Harris, now files his first petition for Post-conviction relief, following his Direct Appeal; No. 557, 2004. The defendant, appealed his convictions on various drug and weapons offenses following a jury-trial in the Superior Court of New Castle County.

The defendant, took issue with two rulings made by the Superior Court that denied his "Motion to Suppress" and "Motion for a MisTrial." In affirming defendant's convictions, the Delaware Supreme Court decided; on August 15, 2005 that; "Superior Court did not commit "legal error" or abuse it's discretion in either of it's rulings."

This is defendant's first petition and seperate memorandum in support of his request for Post-conviction

relief. Defense Counsel, Kathryn Van Amerongen, was "Ineffective" at Trial and on Direct Appeal.

## LEGAL STANDARD

When reviewing a "Motion for Post-conviction" relief under Superior Court Criminal Rule 61, the Court must first consider whether the petitioner has overcome the substantial procedural bars set forth in those rules. However, as this is defendant's initial motion and seperate Memorandum for Post-conviction relief, the bars " Do Not" apply.

In this Post-conviction relief motion, the defendant's argument is premised on — "Ineffective Assistance of Counsel," because of a Constitutional violation that under-mined the fundamental legality, reliability, integrity, or fairness of the proceedings leading to the judgement of conviction; Superior Court Criminal Rule 61 (i)-(5).

The test for "Ineffective Assistance of Counsel,"

and the test for "cause and Prejudice" are similar but distinct standards.

The United States Supreme Court has held that:

If the procedural default is the result of "Ineffective Assistance of Counsel," the Sixth Amendment itself requires that the responsibility for the default be imputed to the state; which may not, "conduct trials at which persons who face incarceration must defend themselves without adequate legal assistance." "Ineffective Assistance of Counsel" then is cause for procedural default. (See: Murray v. Carrier, 477 U.S. 478, 487 (1986) ) Not-withstanding the fact that a defendant's "Ineffective" claim may meet the cause requirement of Rule - 61 (1) -(3) -(A), the inquiry does not end with this consideration. A defendant's argu-

- iv -

ment must still be subjected to the two-part analysis

enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984)

and adopted by the Delaware Supreme Court in *Albury v.*

*State*, 551 A.2d 53 (Del. 1988).

    The *Strickland* test requires the petitioner to show,

that counsel's errors were so egregious that his or her

performance fell below an objective standard of reason-

ableness. *Strickland*, 466 U.S. at 687.

    Secondly, under *Strickland*, the defendant must show

that there is a "reasonable probability," that but for coun-

sel's unprofessional errors or deficiencies, the outcome

of the proceedings would have been different. Wherefore,

the second prong of the analysis requires a showing of

actual prejudice. *Id* at 694.

THEREFORE, In setting forth a claim of "Ineffective Assistance of Counsel," A defendant must put forth and substantiate concrete allegations of actual prejudice.

## GROUND ONE

INEFFECTIVE ASSISTANCE OF COUNSEL, AT TRIAL AND ON DIRECT APPEAL, IN VIOLATION OF DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE FIFTH AND FOURTEENTH AND SIXTH AMENDMENTS.

## STANDARD AND SCOPE OF REVIEW

STICKLAND v. WASHINGTON, 466 U.S. 668 (1984)
WIGGIN v. SMITH, 123 S.Ct. 2527 (2003)
WHREN v. UNITED STATES, 517 U.S. 806, 812-815 (1996)

In the present case, Kathryn Van Amerongen, was an assistant Public Defender assigned to represent defendant for purposes of Trial and Direct Appeal.

The defendant states that at Trial and on Direct Appeal, Defense Counselor Van Amerongen, neglected at Trial and on Direct Appeal, to properly investigate the facts and unique circumstances of this case.

1.

As a result, of defense counsel's failure, to properly investigate the available discovery-material "or to request," ballistic reports of the bullets holes in the walls of the house that the police alleged; that the defendant had been involved in the shooting up of." Or, "to have sought," "independant investigation of the alleged cartridges and live rounds of ammunition," that were found on the floor of the residence of "19 E. 23rd Street". And, defense counsel's blatant failure to; "have called forth **none** of the **so**-called, various occupants of the house", that may have been present during the alleged shooting; Indeed and infact, deprived the defendant of an adequate defense and failed to hold the state to it's "adversarial testing".

Ultimately, on the facts of this case. The provision

2.

of Counsel did not furnish petitioner with the capability of bringing adequate and meaningful challenges to the "court" which would have offered mitigating circumstances that may have altered the "legal standards" for the "Courts" consideration of "Unreasonable Search and Seizure" claim under the Fourth Amendment.

WHEREFORE, defense counsel's failure to properly investigate and hold the state to any meaningful adversarial testing; prevented both the Trial Court and the State Supreme Court from properly identifying the correct governing "legal-principle". Thus, Counselor Amerongen's failure to properly investigate, placed her Trial and Appellate representation of the defendant's interest well outside of an objective standard of reasonableness.

For Example:
    "The operative facts and Federal legal theory on which defendant's claims should have been based on the rule that; the offense establishing probable cause must be "closely related", to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest."
(See; Whren v. United States, 517 U.S. 806, 812-815 (1996)

.4

1. There were legal and factual basis to have evidence suppressed which was seized. This is so because, under the facts of this case; All pretrial Motions under Rules:- 12,14, 16 and 41 of the Superior Court Criminal Rules must be filed within ten days following the initial case review.

2. Under the Superior Court Crim. Rules aforemention: Defense Counsel must set forth in the motion, with "particularity" the specific legal and factual grounds, they in good faith believe support the motion. As well as, any legal authority controlling the area of dispute.

3. The dispute is; that the defendant's arrest and subsequent convictions stemming from; the police finding and firearm, drugs and drug-paraphenalia on his person; after having initially being dispatched to investigate a shooting incident, was insufficient evidence to convict, under the circumstances of this case.

4. This fact "must not" be overlooked or go unnoticed. Initially; "officers of the Wilmington Police Dept. were called to a residence located at 19 E. 23rd St. in Wilmington, in response to "alleged" gunshots being fired." While investigating the shooting inside the residence; It was "alleged"; that; "officers on the scene received a radio-dispatch from central, that an anonymous caller had advised that, the person in a red suzuki was involved in the shooting and involved

.5

in drugs." In this case, defense counsel had an obligation to make "reasonable investigations" or, to make a "fully-informed" reasonable decision; that would've rendered particular investigations unnecessary.

Ultimately, there was no genuine probable cause to detain and arrest the defendant for the weapons and drug offenses. Because, those offenses were not, "genuinely closely related" to the offenses invoked by the officers who approached and questioned the defendant about the shooting in the residence at 19 E. 23rd Street; at the time of the arrest.

"The defendant, at the time He was approached by officers, did not act suspicious or make any attempt to flee the vehicle. Nor did he give a false identification, when asked by the officers investigating the shooting; "whether He had anything on his person that might cause harm?" Defendant did not hesitate to cooperate with questioning by the officers; nor did He attempt to obstruct their pending investigation into the shooting "alleged" to have taken place inside 19 E. 23rd Street."

# CONCLUSION

In performing this duty, Counsel has the obligation to search for the strongest arguments possible and "must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client." (See: McCoy v. Court of Appeals of Wisconsin, Dist. 1, 108 S. Ct. 1895, 1905 (1988).)

The basic concept behind "Effective Assistance of Counsel," is that each defendant is provided Constitutional Protection of Effective Assistance of Counsel, to insure an "Adversarial testing", of any charges brought by the government.

The Sixth Amendment to the United States Constitution, guarantees that; every criminal defendant is entitled to the "Assistance of Counsel, in presenting their

.7

defense. The Supreme Court has stated; "the right
to counsel, is a fundamental right of criminal defendants;
it assures the fairness and thus the legitimacy, of our
"Adversary Process." "(See: Kimmelman v. Morrison, 477
U.S. 365, 374-(1986).) Without a full appeal of the errors
before the Trial Court; free and unfettered by the con-
certed efforts of all involved state employees. The defen-
dant, has been denied a full benefit of the "Adversarial
Process", and Thus His Due-Process. A criminal defen-
dant not only has the right to confront witnesses against
him under the Sixth Amendment of the United States
Constitution and Article 1, section 7 of the Delaware
Constitution. He or She also has an absolute right to
attend the deposition of the state's witnesses. (Delaware

Superior Court Crim. Rule - 15(b).) The defendant, during the Trial and Appeal, saw the need to ask more critical questions but was not made inclusive and was ignored. However, the right to speak assumes fundamental importance. Defense Counselor, Kathryn Van Amerongen, simply failed to set the stage for a fair Trial, or to prevent an unfair one. Eventhough, that is an attorney's fundamental obligation to his or her client.

See attached Motions in support of defendant's Memorandum and Motion for Post-conviction relief.

WHEREFORE, defendant's Motion for Post-conviction relief should be granted and Counsel deemed, Ineffective and any other relief deemed appropriate by the Court.

Respectfully Submitted,

Reginald Harris

Reginald Harris, Pro Se

Dated: June 28, 2006

.9

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEWCASTLE COUNTY

REGINALD HARRIS

    v.

STATE OF DELAWARE

No.# _____ 2006
C.A. No.# 0402010364A
Appeal No.# 557, 2004

IN SUPPORT OF MOTION FOR POST-CONVICTION
MOTION FOR EXPANSION OF RECORD
MOTION FOR DIRECTION OF EXPANSION
MOTION FOR MATERIALS TO BE ADDED
MOTION FOR SUBMISSION TO OPPONENT

COMES NOW, the defendant, Reginald Harris, Pro Se, respectfully requesting that this Honorable Court to issue an ORDER, pursuant to Superior Court Crim. Rules-61:

Expansion of Record
Direction of Expansion, 61, (g)-(1)
Materials to be Added, 61, (g)-(2) and
Submission to Opponent, 61, (g)-(3)

In support of this request, the petitioner submits the following:

1. At all times relevent to this case, It was unreason-able for defense-counsel, Kathryn Van Amerongen, to

have failed to thoroughly investigate the critical "allega-
tions." that purportedly led to the defendant's arrest.

2. An arrest predicated on a shooting, "alleged" to have
occured inside a residence at 19 E. 23rd Street in Wilmington,
is a critical accusation.

3. The "Record", from the defense point of view, is silent
on these critical issues.

4. Defense counsel, Kathryn Van Amerongen, failed to
sufficiently investigate by tracking-down "Alibi" or "Eyewit-
nesses", that occupied 19 E. 23rd Street.

5. The relevency of such potential investigation for evi-
dence and witnesses, was "crucial" in the context of corrobor-
ating the ultimate legitimacy of the defendant's Fourth Amend-
ment Search and Seizure opposition and defense.

6. The material view to be added is; the position that the state prosecution must not be permitted to have it both ways:

First, the state prosecution, admantly relied on the "alleged" shooting inside 19 E. 23rd Street.

Secondly, the state prosecution, relied exclusively on the the testimony of the arresting officers.

7. Therefore, contrary to the state prosecution's position; It is only "fair-play" for the defendant, through defense counsel, to have the opportunity to show; by use of the "complete facts;" that defendant in actuality, had "nothing-whatsoever" to do with the "alleged" shooting.

Although, the state prosecution conceded that the defendant was not involved; It was defense counsel's obligation, to provide mitigating circumstances by way, "adequate investigation of witnesses and all available evidence".

Respectfully Submitted,

Dated: June 28, 2006

Reginald Harris
Reginald Harris, Pro Se

3

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

REGINALD HARRIS

V.

STATE OF DELAWARE

No.# _____ 2006
C.A.No.# 0402010364A
Appeal No.# 557, 2004

MOTION FOR APPOINTMENT OF COUNSEL, PURSUANT
TO SUPERIOR COURT CRIMINAL RULE - 61, (e) - (1)

COMES NOW, the defendant, Reginald Harris, Pro Se, respect-fully requesting this Honorable Court, to appoint Counsel to represent my interest in this extraordinary matter.

In support of this "Motion", the defendant submits the following:

1. The petitioner is incarcerated, and it is "imperative", that counsel be appointed to aide in the "proving" of His claims for Post-conviction relief.

2. There may be irreconcilable conflict of interest with former counsel, due to, "Ineffective Assistance of Counsel"

at Trial and Direct Appeal. Because, there was no "genuine probable cause" to arrest the defendant for weapons and drug charges. Those offenses were not factually, "closely related" to the offenses invoked by the officers at the time of arrest.

3. The defendant, is unskilled in legal-skills necessary to provide the investigative-technique required for the extra-ordinary Constitutional claims involved.

4. The defendant, is in a maximum-security housing-unit; where strict administrative limits on days, times and accessi-bility to the law library. Thus, making it extremely difficult to obtain adequate research materials.

5. Therefore, pursuant to Superior Court Criminal Rule-61, (e)-(1); appointment of counsel and a "Order" for appointment of counsel, would serve "the best interest of Justice" in this case.

WHEREFORE, the defendant, respectfully requests that this Honorable Court, appoint counsel to represent Him in

.2

this unique "Post-conviction" matter.

Respectfully Submitted,

Reginald Harris

Reginald Harris, Pro Se

Dated: June 28 , 2006

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEWCASTLE COUNTY

REGINALD HARRIS             No.# _____ 2006
                            C.A. No.# 0402010364A
         V.                 Appeal No.# 557, 2004
STATE OF DELAWARE

MOTION FOR EVIDENTIARY HEARING, REQUESTED
IN SUPPORT OF MOTION FOR POST-CONVICTION RELIEF

COMESNOW, the defendant, Reginald Harris, Pro Se,
respectfully requesting this Honorable Court, to consider
an "Evidentiary Hearing", after review and consideration of,
"Motion for Post-conviction relief."

In support of this request, the defendant submits
the following.

1. Superior Court Crim. Rule - 61, (h) - (1), allows

the Court, at its discretion; to hold "Evidentiary Hearing."

WHEREFORE, the defendant; respectfully requests that
this Honorable Court "Order an "Evidentiary Hearing".

Dated: June 28, 2006          Respectfully Submitted,
                              Reginald Harris
                              Reginald Harris, Pro Se

Ex.- D

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

REGINALD HARRIS              } No.# _____, 2006
                            } C.A.# 0402010364 A
      V.                    } APPEAL No.# 557, 2004
STATE OF DELAWARE           }

AFFIDAVIT IN SUPPORT OF MOTION AND SEPARATE
MEMORANDUM FOR POST-CONVICTION RELIEF

This is the AFFIDAVIT of the petitioner, Reginald

Harris; In support of his Motion and Memorandum for

Post-conviction relief.

The Affiant, states that the following is true and

correct to the best of his Knowledge and ability and that

this petition is in good-faith.

"That, I am filing the motion for Post-conviction

relief and claim of "Inaffective Assistance of Counsel",

at Trial and on Direct Appeal; against Kathryn Van

Ex-D    1 of 4

Amerongen for good-cause."

1. At the time of Affiant's arrest; Factually, there was no "genuine Probable Cause" to believe that a criminal offense had been or was being committed.

2. Defense counsel, failed to properly investigate and set-forth a meaningful defense or hold the state to it's "Adversarial-testing". (See-Wiggins v. Smith, 123 S.Ct. 2527, (2003))

3. The facts of this case, exemplify the arbitrary consequences of a "closely related offense", Rule.

4. The meritorious claims of "Ineffective Assistance of Counsel" at trial and on Direct Appeal, involving this Fourth Amendment violation for failing to adequately investigate is "imperative".

2 of 4

5. That it will present the courts of the State of Delaware, a fair opportunity to act on the "Ineffective Assistance of Counsel" claim, involving the "Illegal Search and Seizure", under the Fourth Amendment.

6. That Affiant, must be allowed to register the "Post-conviction Motion", "Separate Memorandum", "Motion for Expansion of Record", "Motion for Evidentiary Hearing", and "Motion for Appointment of Counsel", so that their full contribution to the picture before the Court may be realized.

7. That Superior Court Criminal Rules 61 (e)-(1), 61 (g)-(1), 61 (g)-(2), 61 (g)-(3), 61 (h)-(1), 61 (i)-(5), Permit Relief.

8. That, authorities relevant to the "close-related"

3 of 4

...rule, may be found in the case of: Whren v. United States, 517 U.S. 806, 812-815. (1996)

That, on this 28th day of June 2006, having been sworn to and signed before the undersigned Notary at the Delaware Correctional Center. The Affiant, Reginald Harris, states that the aforementioned statements, are true and correct.

Respectfully Submitted,

_Reginald Harris_
Affiant: Reginald Harris, Pro-Se

_Brian D. Engrem_
Notary:

Brian D. Engrem
Notary Public, State of Delaware
My Commission Expires June 14, 2008

4 of 4