IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD HARRIS, | ) |
|     Petitioner, | ) ) ) |
|     v. | ) )   Civ. A. No. 06-430-SLR |
| THOMAS L. CARROLL, Warden, and CARL C. DANBERG, Attorney General of the State of Delaware, | ) ) ) ) ) ) |
|     Respondents. | ) |

**O R D E R**

At Wilmington this 21st day of August, 2006;

IT IS ORDERED that:

1. Petitioner Reginald Harris' application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. (D.I. 1.)

A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for all of his habeas claims. 28 U.S.C. § 2254(b)(1)(A). If a petitioner presents a federal court with an application containing both exhausted and unexhausted claims ("mixed application"), the petitioner must either voluntarily

dismiss the unexhausted claim or the court must dismiss the entire application without prejudice to permit exhaustion of state remedies for all claims, but only if the federal habeas limitations period will not clearly foreclose a future collateral attack. Rhines v. Weber, 544 U.S. 269 (2005); Pliler v. Ford, 542 U.S. 225 (2004); Rose v. Lundy, 455 U.S. 509, 510, 522; Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Petitioner's habeas application asserts three claims. In the application, petitioner admits that his ineffective assistance of counsel claim is unexhausted because he is presently pursuing post-conviction relief for that claim in the Delaware courts. Consequently, petitioner has presented the court with a mixed application. Based on petitioner's statements in the habeas application, the court concludes that dismissal of the mixed application will not jeopardize the timeliness of a future habeas application.[1] Accordingly, summary dismissal is appropriate because it plainly appears that petitioner is not entitled to federal habeas relief.

---

[1] Habeas applications filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the judgment of conviction becoming final, and the limitations period is tolled during the pendency of properly filed applications for state post-conviction relief. See 28 U.S.C. § 2244(d)(1),(2). Based on the allegations contained in the application, it appears that petitioner's conviction became final in mid-November 2005, and he filed his motion for post-conviction relief in the Delaware Superior Court on June 30, 2006. Consequently, petitioner is not in danger of running afoul of the statute of limitations provided he diligently pursues his state court remedies.

2. Petitioner's motion to stay the court's review of his unexhausted ineffective assistance of counsel claim is DENIED. (D.I. 4.) Having decided to dismiss the entire application without prejudice, the motion to stay the court's review of his unexhausted claim is moot. Furthermore, the court is authorized to stay a mixed application only if petitioner had good cause for his failure to exhaust state remedies, the unexhausted claim is not plainly meritless, and dismissal of the mixed application could jeopardize the timeliness of a subsequent habeas petition. Rhines v. Weber, 544 U.S. 269 (2005). Here, petitioner has not demonstrated good cause for his failure to exhaust the ineffective assistance of counsel claim, and, as previously explained, the timeliness of a future application is not jeopardized.

3. The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

4. The clerk of the court is directed close the case and to mail a copy of this order to petitioner.

                                                   */s/ Sue L. Robinson*
                                            UNITED STATES DISTRICT JUDGE