IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

REGINALD HARRIS
Petitioner,

v.

THOMAS CARROLL
Respondent,

Case No. 1:06-cv-430
(SLR)



FILED

AUG 22 2006

DISTRICT COURT
DELAWARE

BD scanned

MOTION TO AMEND MOTION TO "STAY AND ABEY"

Comes Now, the petitioner Reginald Harris, Pro Se,

respectfully requesting this Honorable Court, pursuant to

Federal Rules Civ. Proc. Rule 15 (c), to amend or

permit petitioner to amend his original motion to

"Stay-And-Abey."

In support of this request, petitioner submits

the following:

1

1. It is plain that the central policy of Rule 15(c) - is ensuring that the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendments.

2. Petitioner wishes to incorporate additional claims of ineffective assistance of counsel, as amended to his Rule 61 Postconviction (see attached Motion to Amend postconviction), to Habeas Corpus Petitions "unexhausted claims".

3. Again, The District Court may in its discretion, allow a petitioner to amend a mixed petition by deleting the unexhausted claims, hold the exhausted claims in abeyance until the

2

unexhausted claims Are exhausted; then Allow

the petitioner to Amend the stayed-petition to

Add the "NOW-Exhausted" claims. See And

compare: _Anthony V. Cambra, 236 F. 3d 568, 575-_

_578 (9th Cir. 2000)._

Wherefore, the petitioner, respectfully

request this Honorable Court to issue An order

to "STAY" the exhausted claims, pending the

exhaustion of the unexhausted claims.

Respectfully Submitted,

Reginald Harris
Reginald Harris, Pro-Se

Dated: August 14, 2006

3

## Certificate of Service

I, _Reginald Harris_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion to Amend Motion to "Stay-And Abey",_ _Attached: First motion to Amend Postconviction_ upon the following parties/person (s):

_Original and Two copies_

TO: _Office of The Clerk_
_United States District Court_
_844 N. King Street, Lockbox 18_
_Wilmington, Delaware_
_19801-3570_

TO: _____

_____

_____

_____

_one (1) copy_

TO: _Timothy J. Donovan, Deputy A.G._
_Department of Justice_
_Carvel State Office Building_
_820 North French Street_
_Wilmington, Delaware 19801_

_one (1) copy_

TO: _Reginald Harris "FILE"_
_Delaware Correctional Cntr. MHU-22-B_
_1181 Paddock Road_
_Smyrna, Delaware_
_19977_

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _14th_ day of _August_, 2006
_Reginald Harris_



Raymond Harris
SBI# _____ UNIT 23 B
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

M. WILMINGTON, DE 19

Office of
United Sta
844 N. Kin
Wilmingto

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEWCASTLE COUNTY

STATE OF DELAWARE ) CASE I.D. #0402010364A
\ ) Cr. A. IN04-05-1480Ri, 1481Ri,
) 1483Ri, 1484Ri, 1486Ri, 1487Ri,
REGINALD HARRIS ) 1488Ri, 1489Ri

## FIRST MOTION TO AMEND POSTCONVICTION

Comes Now, defendant Reginald Harris, Pro Se,

respectfully requesting this Honorable Court, pursuant to

Superior Court Criminal Rule 61(b)(6), to permit petitioner

to amend his Postconviction Motion to incorporate

additional constitutional claims.

Dated: August 14, 2006

Reginald Harris
Reginald Harris
DCC. MHU 22 B
1181 Paddock Rd.
Smyrna, De. 19977

## STANDARD AND SCOPE OF REVIEW FOR

## INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prove ineffective assistance of counsel, the defendant, in a postconviction proceeding, must demonstrate that counsel's representation "fell below an objective standard of reasonableness, and that counsel's actions were prejudicial. There is a reasonable probability that, but for counsel's unprofessional errors, the results of the trial would have been different." _Skinner v. State_, Del. Supr. 607 A.2d 1170 (1992), quoting Strickland v. Washington, 466 U.S. 688 (1984). In applying the Strickland Standard, there is a "strong presumption that the representation

_i_

...WAS professionally reasonable." <u>Wright v. State,</u>

<u>Del. Supr. 671 A. 2d 1353 (1996).</u>

A. _Ineffective Assistance of Counsel_

1. _Defense Counsel was ineffective by failing to appear to represent, consult and/or advise defendant at important court proceedings._

a) Defense Counsel was not present at Preliminary Hearing 03/04/04, Arraignment/Bail Hearing 04/16/04, Case Preview 05/04/04, and Arraignment/Bail Hearing 06/04/04 to consult or advise defendant, as to the means by which they were to be pursued." The Sixth Amendment right to counsel, of course, guarantees more than just a warm body to stand next to the accused during critical stages of the proceedings; an accused is entitled to an attorney who plays a role

3

necessary to ensure that the preceeding are fair."

U.S. ex rel Thomas V. O'Leary, 856 F.2d 1011, 1015 (7th Cir. 1988).

b) Had counsel been present at the preliminary hearing, defense could have contested the reliability of the anonymous caller and the information contained in the call, as to show that it was insufficient to establish probable cause or reasonable suspicion, to detain or arrest defendant. See Florida V. J.L., 120 S.Ct. 1375, 1379 (2000). It is highly probable that the charges against defendant would have been dismissed for lack of probable cause.

c) Had defense counsel been present at the arraignment/ Bail Hearing of the amended indictment 06/07/04, she could have made a timely objection to the four (4)

4

Additional Felony counts that were included in the Amendment in violation of Superior Court Criminal. Rule 7(e). It is highly probable that the four (4) additional Felony counts would have been dismissed from the indictment, had counsel been present to represent the defendant, and made a timely objection and/or filed a timely motion to dismiss the unlawfully Amended indictment.

2. <u>Trial Counsel was ineffective by failing to timely raise claims that indictment was improperly multiplicious in violation of the double Jeopardy Clause of the United States and Delaware Constitutions.</u>

5

a) Defendant was Arrested Feb. 17, 2004, indicted by the Grand Jury March 04, 2004, on six counts (Trf. Coco., PFDCF, PDWBPP, Poss. Drug Parap., Poss. of Marijua, Maint. Vehicle). On May 17, 2004, three months after defendants arrest, the state filed an amended indictment that included 2 Additional PFDCF counts, 1 PWITD NSII CS, and 1 CCDW counts, which were omitted from the original indictment.

b) This constituted a prejudicial amendment of "substance", which duly implicated both due process and double jeopardy principles of constitutionality. Superior Court Criminal Rule 7(c); U.S.C.A. Const. Amend 5. Defense Counsels Failure to timely object to the

6

improperly multiplicious and amended indictment,
prejudiced defendant by putting him in jeopardy of
being prosecuted for offenses that the original
Grand Jury did not originally indict or even
consider, and be sentenced multiple times for the
same offense.

3. <u>Defense counsel was ineffective by failing to</u>
<u>timely raise claims, that the anonymous call was</u>
<u>lacking indicia of reliability to justify a stop and</u>
<u>frisk under the Terry standard, at Trial and Direct</u>
<u>Appeal.</u>

a) After the anonymous call, reported to

7

the Wilmington Police, that a guy sitting in a vehicle
behind the police cars in the middle of the street
"might possibly" have something to do with the
incident that yall are investigating, officers (3 or 4)
approached the vehicle and saw one person, defendant
Harris, in the drivers seat of the vehicle. Apart
from the anonymous call the officers had no reason
to suspect the defendant of illegal conduct. The
officers did not see any criminal activity or
observe any unusual conduct. Without saying
anything or asking any questions, One of the officers
opened the drivers door, removed and ordered the
defendant to the rear of the vehicle, where this

8

officer frished defendant and seized a gun from his pocket. Defendant was charged under state law with a weapon and various drug offenses.

b) Trial counsel has a duty to thoroughly review the facts of the case to determine whether or not a warrantless seizure and search by the police, leading to the discovery of contraband, violates a defendant's state and federal constitutional rights against unreasonable seizure and searches. ("At a minimum, counsel has the duty to interview potential witnesses and to make an independent investigation of the facts and circumstances of the case.") see Nealy v. Cabana, 764 F.2d at 1177 (5th Cir. 1985).

9

Counsel did not even interview or consult with defendant about the facts of the case. Counsel never filed a discovery request, and the day defendant met counsel she was ask, by defendant, to file a motion to compel the evidence, Counsel responded with " I don't feel we need to; because I believe the state has given us everything".

    c) First, the anonymous caller never said or stated that she "_actually saw_" defendant involved or engaged in any criminal activity. The call provided no indication of a relationship between the caller and the defendant or why the caller claimed he "might possibly" have something to do with the unrelated.

10

incident. In short, the call provided no legitimizing context whatsoever, and thus it failed to indicate whether it was based on personal observation or mere speculation. When suspicions arise not from any observations of police officers "but solely from a call made from an unknown location by an unknown caller," whose reputation cannot be assessed, the police must engage in suitable corroboration of the alleged criminal activity. Florida v. J.L. 120 S. Ct. at 1378. Suitable corroboration must exhibit sufficient indicia of reliability in order for an anonymous tip to provide either a reasonable suspicion of criminal activity or probable cause to

11

Arrest or to search. See id. Merely providing "[A]n accurate description of a suspect's readily observable location and appearance ... does not show that the tipster has knowledge of concealed criminal activity." Id at 1379. An anonymous tip must "be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." Id.

Here, the officers did not have probable cause to open the car door an seize and search the defendant. Prior to entry of the vehicle, there was no reasonable suspicion that defendant was engaged in criminal activity, nor was there probable cause to believe that contraband was likely to be

12

found on defendant or in the vehicle. The officers never testified to any objective facts supporting a belief that any evidence of an illegal nature would probably be found.

Again, the officers did not have reasonable suspicion or probable cause that defendant Harris was engaged in illegal activity prior to directing him to exit the vehicle. At the point that the defendant was ordered out of the car, there was no reasonable and articulable suspicion that he was engaged in criminal activity. While the state pointed to the unreliable anonymous call and the investigation of the unrelated incident, this did

13

not provide an objective basis for seizing the defendant.

Defense counsel was ineffective by failing to contest the reliability of the anonymous call, since there was insufficient reasonable suspicion or probable cause to support the officer's actions.

Defendant suffered prejudice as a result of counsel's ineffectiveness by the admissibility of the weapon and drugs found on defendant following the improper seizure and search. Viewed from any perspective, there was insufficient constitutional justification to support the seizure and search of the defendant in his vehicle. Reasonable counsel should have recognized the constitutional issues and

14

pursued them in her motion to suppress. It is

highly probable that the motion to suppress would

have been granted, and the weapon and drugs suppressed,

based upon existing Law. The charges against the

defendant would have been dismissed if the motion

to suppress was granted. J.L., 120 S.Ct 1375 (2000).


4. Defense Counsel was ineffective by failing

to object adequately to, and then to appeal, the admission

of testimony concerning the anonymous callers

statements as "inadmissible hearsay" under Delaware Law.

a) During trial the prosecution elicited

testimony from the officers regarding what was said

to the dispatcher by the ANONYMOUS CALLER, without
the objection from defense counsel. Hearsay
testimony that law enforcement officers use and
rely upon for investigation and the gathering of
evidence, of course, is not evidence properly to be
used in the trial of A criminal case. Defense
Counsel should have objected and argued, that
the testimony concerning the content of the anonymous
call implicated the defendants right to confront
his accuser under the Confrontation Clause of the
Sixth Amendment of the United States Constitution.

The admission of and the defense counsels
failure to object to this "inadmissible hearsay" form

16

of testimony was both erroneous and prejudicial.

And, the failure of defendant's counsel to pursue

this issue on appeal, when an effective advocate

would have, entitles him to a second chance.

Conclusion: Defendant contends that but for

counsel's unprofessional errors set forth herein,

the result of the trial would have been different,

and that the prejudice caused by the errors

(individually or cumulatively) deprived him of a

fair trial.

Wherefore, Meinaz ash that the court

grant him all relief to which he may be

17

entitled in this proceeding. Movant is seeking

the following:

   1. Fact finding hearing;

   2. Order reversing his convictions and

      sentence, and ordering a new trial.


Dated: August 14, 2006

Reginald Harris
Reginald Harris
D.C.C. MHU 22·B
1181 Paddock Rd.
Smyrna, De. 19977

18